THE NEW HARTFORD CANNING COMPANY, Respondent, *v.* ISAAC BULIFANT and JOSEPH BULIFANT, Appellants.

*Specific performance of a contract to deliver canned corn — proof that the vendee has sold the corn so to be delivered — adequate remedy at law.*

*It seems,* where the vendor of a quantity of canned corn refuses, at the time specified for its delivery, to deliver the quantity called for by the contract, as interpreted by the vendee, that the fact that the vendee has sold the corn so purchased and will, in the event of its failure to deliver the goods, be liable in damages to its customers, does not entitle the vendee to maintain an action in equity to compel the specific performance of the contract, and that, in such a case, the vendee has an adequate remedy at law by an action to recover damages for the breach of the contract.

APPEAL by the defendants, Isaac Bulifant and another, from an order of the Supreme Court, made at the Oneida Special Term and entered in the office of the clerk of the county of Oneida on the 3d day of November, 1902, modifying a preliminary injunction theretofore granted in the action "so as to restrain the defendants from selling or delivering 2,588 cases of corn as therein provided," and continuing such injunction as thus modified.

*Charles E. Rushmore,* for the appellants.

*Richard R. Martin,* for the respondent.

SPRING, J. :

On the 12th day of September, 1900, the defendants agreed to sell and deliver to the plaintiff 5,000 cases of canned corn at seventy cents per dozen cans, subject to seventy-five per cent delivery in case the pack was short.   On September nineteenth the defendants wrote the plaintiff that they would be unable to deliver more than seventy-five per cent of the corn, and that portion they desired to deliver promptly.   The plaintiff, who contended that there had been a full pack, replied by letter dated September twenty-third, stating: " We decline to have our contract prorated to seventy-five per cent of the purchase."   In answer the defendants wrote another letter to the plaintiff, referring to the refusal of the latter to accept the corn and to the offer on the part of the defendants to deliver the seventy-five per cent, and stated that their offer " having been rejected by you, we feel that our obligation in the matter ceases."   The plaintiff in an answering letter of September twenty-seventh insisted upon full performance and threatened " an action for damage" unless a full delivery of the goods was made, and within a short time commenced this suit in equity to enforce the contract specifically.   A temporary injunction order was granted by the county judge of Oneida county *ex parte,* enjoining the defendants from selling 5,000 cases of corn which were in possession of a packing firm in Westminster, Md.   This order was modified by the Special Term order appealed from, which restricts the injunction to sell to 2,588 cases of corn.

We think the order should. be reversed.   There is an adequate remedy at law.   If the plaintiff is correct in its interpretation of the facts, there is at best a breach of contract for which the defendants may be liable to respond in damages.   An action in equity is, therefore, unnecessary and improper.   (*Pennsylvania Coal Co.* v. *Delaware & Hudson Canal Co.,* 31 N. Y. 91; *Western R. R. Co.* v. *Nolan,* 48 id. 513.)

The facts set forth in the complaint upon which the allegation of irreparable injury rests, simply show that the plaintiff, which has sold the corn to its customers, may be liable in damages for failure

to deliver goods on its part.   These damages can be measured in an action at law, and do not comprise the injuries which authorize the intervention of a court of equity with enjoining orders to prevent the disposition of personal property of this character.   (*McHenry* v. *Jewett*, 90 N. Y. 58.)   The bare allegation of irreparable injury is insufficient to uphold the injunction.   (High Inj. [3d ed.] § 34.) The facts must show that the injury cannot be repaired, estimated in money.

While the power of the court to enjoin the transfer of personal property is undoubted (*Lighthouse* v. *Third National Bank*, 162 N. Y. 336, 343), its exercise is usually asserted in restraining the transfer of shares of stock or kindred property whose composition remains unchanged. (*Johnson* v. *Brooks*, 93 N. Y. 337.)   It is quite unusual to tie up a transfer of personal property which, like this in controversy, will deteriorate in quality.

The letters which passed between the parties show that the defendants were willing to deliver seventy-five per cent of 5,000 cases, the quantity stipulated for delivery by the agreement.   The defendants declined to receive this, apparently insisting upon the full shipment or not any.   By the present injunction order the defendants are restrained from delivering 2,588 cases, which is less in quantity than they were willing to deliver; that is, the defendants are restrained from delivering or selling to others the corn they tendered to the plaintiff and which the latter declined to receive. While on this motion we do not intend to pass upon the merits involved to the extent of holding plaintiff may not recover at all, yet its right to maintain this action is sufficiently doubtful so that we are not disposed, as the record appears, to sustain the injunction order pending the suit.

The order should be reversed, with ten dollars costs and disbursements, and the motion to continue the preliminary injunction denied, with ten dollars costs.

ADAMS, P. J., McLENNAN, WILLIAMS and HISCOCK, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.