### RUSSELL v. AMERICAN GAS & ELECTRIC CO.

(Supreme Court, Appellate Division, First Department. July 11, 1912.)

1. CORPORATIONS (§ 189*)—ISSUANCE OF STOCK—INJUNCTION.

A holder of preferred stock, which stock is limited on distribution to the right to receive par and accumulated dividends, could not enjoin the corporation from permitting the holders of common stock to subscribe at par for stock worth above par without extending the same right to the holders of preferred stock, especially where all the authorized stock had not been issued; his right being doubtful, and his remedy, if any, being an action for damages.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 706–722; Dec. Dig. § 189.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. CORPORATIONS (§ 156*)—RIGHTS OF STOCKHOLDERS—DISTRIBUTION OF AS-
    SETS.

 So long as the dividends on his stock are paid and the corporation's
property equals the amount of its outstanding capital stock and its debts,
the holder of preferred stock, whose rights on distribution are expressly
limited to the receipt of par and accumulated dividends, cannot complain
because the corporation distributes the rest of its assets among the
holders of its common stock.

 [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 581–583,
593–603; Dec. Dig. § 156.*]

Appeal from Special Term, New York County.

Action by Charles M. Russell against the American Gas & Electric
Company. From an order denying motion for injunction pendente
lite, plaintiff appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT,
MILLER, and DOWLING, JJ.

William B. Hornblower, of New York City, for appellant.

Thomas Thacher, of New York City, for respondent.

McLAUGHLIN, J. Action by a holder of 480 shares of the pre-
ferred stock of the defendant corporation to restrain a proposed is-
sue of common stock unless the holders of both the preferred and
common are permitted, upon the same terms, to subscribe therefor.
A temporary injunction was obtained by an order to show cause, upon
the return of which plaintiff's motion for an injunction pendente
lite was denied. From the order denying the motion, plaintiff appeals.

The defendant is a domestic corporation with an authorized capital
stock of $7,000,000, divided into 140,000 shares of the par value of
$50 each, of which $3,500,000 is preferred and $3,500,000 common
stock. The preferred stock is entitled to cumulative dividends at the
rate of 6 per cent. per annum, and to preference in the distribution
of assets until the par value and accumulated dividends have been
paid, and "to no further dividend or distribution."

There are now outstanding 33,230 shares of the preferred and 50,-
000 shares of the common stock, leaving 36,770 shares of preferred
and 20,000 shares of common unissued. Prior to the commencement
of this action, the directors of the defendant resolved to issue 10,000
shares of the unissued common stock, and to allow the holders of the
issued common stock to subscribe for the same, ratably at par. The
market value of the common stock was then about $80 per share,
while the market value of the preferred was about $47. The plain-
tiff demanded that he be allowed to subscribe pro rata for the com-
mon stock along with its other holders. His request was refused,
and he thereupon commenced this action. The court below denied
his motion for an injunction pendente lite, but upon condition that he
be allowed to subscribe for an equivalent amount of preferred stock
at par.

[1, 2] The principal ground of plaintiff's alleged cause of action,
as set forth in his complaint, is that the holders of the common stock
have been given the right to subscribe, at par, for stock which is

worth about $30 more than par, while the same right has not been extended to the holders of the preferred stock. I am unable to see how the plaintiff can sustain his alleged cause of action, or that he has any reason to complain. Where a corporation has property in excess of the amount of its capital stock, the excess is surplus which may be divided among the stockholders entitled to share therein, either in money or property. Williams v. Western Union Telegraph Co., 93 N. Y. 162. As a holder of the preferred stock the plaintiff could claim no interest in such excess. So long as the dividends upon his stock were paid, and the defendant had property equal in value to the amount of its outstanding capital stock, after the payment of its debts, the corporation, if it saw fit to do so, could distribute all the rest of its assets among the holders of its common stock, and the plaintiff would have no ground for complaint.

It is not claimed that the capital stock of the defendant has been impaired, or that it could not legally issue the additional stock at par. That being so, whatever value the stock had above par represented surplus and was available for distribution among the holders of its common stock. Whether this was done by selling the stock at its market value and then distributing the excess, or by issuing the stock to the holders of the common at par, does not concern the plaintiff. He cannot insist that the corporation build up a large surplus nor object to a distribution of its property, when duly authorized, among the holders of common stock, so long as his dividends are paid and its capital remains unimpaired.

It is urged, however, and with some force, that the plaintiff, as a stockholder, had the right to share proportionately in any issue of stock, under the principle laid down in Stokes v. Continental Trust Co., 186 N. Y. 285, 78 N. E. 1090, 12 L. R. A. (N. S.) 969, 9 Ann. Cas. 738. In so far as this contention is based upon the plaintiff's asserted right to participate in the profits derived from the issue of the common stock below its market value, it is unsound, and cannot be sustained. The issue of stock will, however, reduce the plaintiff's proportionate interest in the corporation, but, in considering this phase of the question, there is one point in which the present case differs materially from the Stokes Case, and from the case of Page v. American & British Mfg. Co., 129 App. Div. 346, 113 N. Y. Supp. 734. In each of those cases the change was made in the authorized capital stock, while in the case now before us the stock which it is proposed to issue is a part of the stock authorized in the defendant's certificate of incorporation.

The plaintiff, as already indicated, holds 480 shares out of an authorized capital issue of 140,000 shares, about $1/291$ of the number of shares stated in the certificate of incorporation. It is, to say the least, doubtful whether the fact that all the shares authorized had not been issued gave him an inherent right to any greater proportional interest than this. Curry v. Scott, 54 Pa. 270. Of course, he would be entitled to protection against discrimination and oppression in subsequent issues of stock, but it does not follow that, where all the authorized stock of a corporation is not at once subscribed for and

issued, the subscribers to whom stock is issued can, in the absence of bad faith, insist upon participating pro rata in subsequent issues; on the contrary, section 53 of the Stock Corporation Law (Consol. Laws 1909, c. 59) provides that, where the whole capital stock has not been subscribed at the time the certificate is filed, the directors may thereafter open books of subscription, and I do not understand that a subscriber, upon receiving his stock, thereby acquires any inherent right to preserve the existing ratio between his stock and the stock issued and outstanding at that particular time. If, in the Stokes Case, the additional stock which was sold to Blair & Co. had been authorized in the defendant's certificate of incorporation, it is by no means certain that the plaintiff could have successfully complained of the transaction.

But, even assuming that the plaintiff is entitled to preserve his present proportionate interest in the defendant, I am of the opinion that the court below was right in refusing an injunction pendente lite. Under the order appealed from, the plaintiff is afforded an opportunity to increase his holdings in the same ratio offered to the holders of the common stock. He owns but $1/173$ of the stock now outstanding, and, as already said, the principal ground of his complaint is not that this interest will be diminished, but that he is entitled to share in the benefits accruing to the holders of the common stock owing to the fact that the new stock can be sold above par. He has no just cause of complaint upon this ground. Indeed, if he has an inherent right to a proportionate interest in the corporation at the present ratio, and desires to preserve that right, he can do so, and then recover for any damages he may sustain by adopting that course.

The record presents no indication whatever of bad faith or improper motive in the proposed issue of stock, and, so far as appears, no other stockholder objects. Under the circumstances, I do not think a court of equity should interfere by injunction and prevent what appears to be the wish of a large majority of the stockholders of the defendant in order to protect the plaintiff in what is, at most, a rather unsubstantial right which it is possible for him to protect in another way.

The order appealed from therefore should be affirmed, with $10 costs and disbursements. All concur.