STUYVESANT CREDIT UNION (a Banking Corporation), Respondent, *v.* MANUFACTURERS TRUST COMPANY, Appellant.

First Department, November 3, 1933.

*William J. McArthur,* for the appellant.

*Stanley S. Groggins* of counsel [*Schneider & Groggins,* attorneys], for the respondent.

MARTIN, J. The Stuyvesant Credit Union, plaintiff herein, is a loan association authorized under the Banking Law of the State of New York to make loans to its members.

The complaint alleges that during the years 1924 to 1928, inclusive, 124 checks, totaling $38,382.89, were drawn by the plaintiff against its account with the Standard Bank which later merged with the Manufacturers Trust Company, the defendant herein; that these checks were paid by the drawee bank upon the forged indorsements of the payees named in the checks. The answer interposed by the defendant denied all the material allegations of the complaint and set up two separate defenses.

The plaintiff moved at Special Term for a partial summary judgment, which motion was granted, in the sum of $22,768.14, plus interest and costs, or a total of $31,871.36, upon the ground that the defendant had no defense at law or upon the facts to certain checks to the extent claimed in the moving papers. Judg-

ment was thereafter entered upon the said order and this appeal is taken from the order and judgment.

In the first defense the defendant alleges that the checks in question were issued ostensibly as loans and made by the plaintiff to persons purporting to be members and shareholders and entitled to obtain loans; that after the issuance of said checks the payment thereof was made by the drawee bank, whereupon the amounts of said loans represented by the checks were repaid to the plaintiff or its officers by the said payees or for their accounts; that the plaintiff thereby received repayment of the full amount represented by the alleged forged checks.

The defendant alleges as a second defense that Lew Goldbetter, the president, and Morris Tobias, the treasurer, of the plaintiff were authorized to sign checks for it on its bank account and that they, as such officers, actually signed the checks mentioned in the complaint on behalf of the plaintiff; that at the time they signed the checks they did not intend that the checks would be paid to the payees named therein; that it was their intention that the checks were to be paid to persons other than the payees and were in law, payable to bearer, and were paid by the drawee bank according to their tenor.

The plaintiff submitted several affidavits in support of the motion for partial summary judgment. In one it is admitted that it was not in possession of evidence sufficient to establish the allegations with respect to the forgery of the balance of the checks mentioned in the complaint and upon which it did not ask summary judgment. The plaintiff, therefore, asked that the action be severed as to those checks upon which it admittedly did not have proof sufficient to establish the alleged forgery.

The partial judgment granted by the court covered seventy checks, aggregating $22,768.14, of the eighty-four checks upon which summary judgment was asked in the moving papers. The opinion of the Special Term concisely states the conclusion reached as follows: " Motion granted to the extent of directing the entry of partial summary judgment in the sum of $22,218.14, against Manufacturers Trust Company. Action severed as to balance. Execution stayed five days. Settle order."

The appellant says that it will be noted from the above opinion that the court did not indicate which checks aggregated $22,218.14 for which partial summary judgment was granted, rendering it impossible for the appellant to prepare and submit a proposed order to the court. Counsel for respondent says he was able to designate the particular checks upon which the court intended to grant the partial summary judgment and prepared the order signed

by the court which is appealed from herein, and which directs the entry of judgment for the sum of $22,768.14 with interest on each check. It should be noted that this sum differs from that set forth in the opinion quoted above.

The plaintiff was not entitled to a partial summary judgment upon the proof submitted to the court. The plaintiff's affidavits are not only uncorroborated but are contradicted. No part of plaintiff's claim is admitted. Each defense set up in the answer applies to each and every part of plaintiff's claim. The plaintiff admits it cannot prove the entire claim.

The affidavit of Benjamin Silverstein, a confessed thief, is partly on information and belief and is wholly uncorroborated, as are the other affidavits submitted in support of the motion. He bases part of his affidavit on information and belief founded on what others associated with him in stealing at least a part of the proceeds of the checks told him. It appears that many of the checks in question were made payable to persons who were eligible for loans and were relatives of the dishonest officers and employees of the Stuyvesant Credit Union, but it does not appear that they may not have indorsed and received the proceeds of some of the checks for which the court granted partial summary judgment.

We are of the opinion that the defendant Manufacturers Trust Company should be afforded an opportunity to prove the facts, in an effort to sustain its defense as to each check. Before plaintiff may recover on the alleged individual forgeries, it must submit clear and convincing proof of each forgery, or show that the answer is sham and that there is no real defense or issue to be determined. This burden plaintiff has failed to sustain.

In *Tidewater Oil Sales Corp.* v. *Pierce* (213 App. Div. 796) the court said: " The test of a motion for summary judgment is whether the pleadings, affidavits and exhibits in support of the motion are sufficient to overcome the opposing papers and to justify a finding as a matter of law that there is no defense to the action. In this regard the plaintiff has to sustain the burden of submitting convincing proof by affidavit or otherwise that the answer is sham and that there is no real defense nor any real issue to be determined."

In *Curry* v. *Mackenzie* (239 N. Y. 267) the court said: " Civil Practice Rule 113 permits summary judgment at times in favor of a plaintiff though material averments of his complaint have been traversed by the answer. To that end there must be supporting affidavits proving the cause of action, and that clearly and completely, by affiants who speak with knowledge."

In *Lonsky* v. *Bank of United States* (220 App. Div. 194) this court reversed a similar judgment and order of the Special Term upon the authority of *Curry* v. *Mackenzie* (*supra*).

We are of the opinion that the moving affidavits herein not only fail to establish the plaintiff's right to a partial summary judgment, but the answer alleges facts which if proved may defeat its claim.

The judgment and order should be reversed, with costs, and the motion for partial summary judgment denied, with ten dollars costs.

FINCH, P. J., TOWNLEY and GLENNON, JJ., concur; O'MALLEY, J., dissents and votes to affirm.

Judgment and order reversed, with costs, and motion denied, with ten dollars costs.