WALLACE WILSON MIORIN, an Infant, by MARTHA AMBROSE, His Guardian ad Litem, Appellant, *v.* ANNIE MIORIN, as Executrix, etc., of ANTHONY MIORIN, Deceased, Respondent.

Third Department, July 11, 1939.

*Meehan & Founks*, attorneys [*Charles F. Meehan* of counsel], for the appellant.

*Owen D. Connolly*, for the respondent.

BLISS, J. The plaintiff, an infant, is suing the estate of his deceased putative father for breach of an alleged contract made by the father with plaintiff's mother, to pay to the mother fifty dollars per week for the support and maintenance of the infant plaintiff until he arrived at the age of twenty-one years, and that he, the said putative father, would make adequate provision for the maintenance, support and education of the infant plaintiff in his will. The answer is a denial of the contract and in addition pleads the Statute of Frauds. The case has been in our court

once before on appeals from two orders, one of which denied defendant's motion to strike out " Miorin " from the name of the plaintiff and the second denied a motion to require the plaintiff to serve an amended complaint which should separately state and number the causes of action. In our memorandum decision we said that the action was for breach of a *single contract* made by the defendant's testator to pay for plaintiff's support and maintenance during his minority and to make adequate provision for his maintenance, support and education in case of the testator's death. (254 App. Div. 619.)

The order now on appeal grants defendant's motion pursuant to rule 113 of Rules of Civil Practice to dismiss the complaint. There are two grounds alleged for this motion. The first is that there was no contract. In support of that phase of the motion, affidavits of relatives are submitted from which the defendant concludes that it was impossible for testator to have made this agreement or to have made any payments on the alleged agreement. In opposition to this proof the plaintiff's mother submitted her own affidavit alleging the actual making of the agreement and also the affidavit of the keeper of the rooming house where the agreement was claimed to have been made. Consequently as to this phase of the motion, there is a clear question of fact which will have to be tried by jury.

The second ground urged for the dismissal of the complaint is the sufficiency of the defense of the Statute of Frauds. Due to the uncertainty as to the exact nature of the alleged contract, it is impossible at this time to pass upon the sufficiency of this defense as a matter of law. It is conceded that the alleged contract was oral. Its construction and effect may well depend upon the turning of a word or phrase in the conversation, out of which it is claimed the agreement sprang. Under these circumstances it is inadvisable if not indeed impossible at this time to decide the sufficiency of this defense as a matter of law. Furthermore, a motion made under rule 113 deals only with the question as to whether there are triable issues of fact in a case and is not addressed to the pleadings. This very point was discussed by Judge RIPPEY in *Security Finance Co.* v. *Stuart* (130 Misc. 538; affd., 226 App. Div. 725) and he there stated that a motion under rule 113 was not addressed to the pleadings. The question before the Special Term on this motion was whether there were any triable issues of fact to be disposed of. We hold that there were. Consequently the motion for summary judgment should have been denied.

HILL, P. J., CRAPSER and HEFFERNAN, JJ., concur.

Order and judgment reversed on the law and facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.