the State of New York, for negligent condition of State highway.) Present — Taylor, P. J., McCurn, Kimball, Piper and Wheeler, JJ.

WILLIAM J. ENGLERT, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 29256.) —

Present — Taylor, P. J., McCurn, Kimball, Piper and Wheeler, JJ.

GUS BALDWIN, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 29275.) — All concur. (Appeal from a judgment dismissing a claim against the State of New York, for negligent condition of State highway.) Present — Taylor, P. J., McCurn, Kimball, Piper and Wheeler, JJ.

GRAMATAN NATIONAL BANK AND TRUST COMPANY OF BRONXVILLE, Respondent, v. GLADYS F. PENNEY, Appellant.—

Memorandum: Upon this motion for summary judgment the burden is upon the plaintiff to submit convincing proof that the answer is sham and that there is no real defense or issue of fact to be determined. (*Stuyvesant Credit Union* v. *Manufacturers Trust Co.*, 239 App. Div. 187, 189). The defendant's answer and her affidavits, while in some respects unsatisfactory, raise issues as to the capacity in which the defendant signed the note and contract and as to plaintiff's knowledge or notice of the same, also as to the relationship between the plaintiff and the Holland Furnace Company, and whether it was such that the Holland Furnace Company acted as an agent for the plaintiff. These questions of fact are not overcome by plaintiff's mere assertion that it is a holder in due course. While a development of the facts upon a trial may present an arguable question as to the sufficiency of the defense alleged, a motion for summary judgment under rule 113 of the Rules of Civil Practice deals only with the question as to whether there are triable issues of fact and is not addressed to the pleadings (*Werfel* v. *Zivnostenska Banka*, 287 N. Y. 91; *Recckio* v. *Recckio*, 273 App. Div. 1057; *Miorin* v. *Miorin*, 257 App. Div. 556; see, also, *Security Finance Co.* v. *Stuart*, 130 Misc. 538, affd. 226 App. Div. 725). All concur, except Taylor, P. J., who dissents and votes for affirmance. (Appeal from a judgment for plaintiff on an action on a promissory note. The order granted plaintiff's motion to strike out the answer and for summary judgment.) Present — Taylor, P. J., McCurn, Vaughan, Piper and Wheeler, JJ.

BRUNO NIEWIADOWSKI, Respondent, v. KULP-WACO, INC., et al., Appellants.— All concur. (Appeal from order granting plaintiff's motion for leave to serve an amended complaint, in an automobile negligence action.) Present — Taylor, P. J., McCurn, Vaughan, Kimball and Wheeler, JJ.

BRUNO NIEWIADOWSKI, Respondent, v. KULP-WACO, INC., et al., Appellants.—

Memorandum: The motion on which the order was granted was to restore the case to the calendar, it having been dismissed under rule