SALMON SIMON et al., Plaintiffs, *v.* DAVENPORT ESTATES, INC., et al., Defendants.

Supreme Court, Special Term, Westchester County, July 17, 1953.

*Rubin & Rubin* for defendants.

*Gresser & Walker* for plaintiffs.

EAGER, J. This is a motion by the individual defendant, Theodore Korotkin, in this action, for summary judgment dismissing the first cause of action alleged against him in the amended complaint herein. The cause of action is one to recover upon an alleged guarantee given by such defendant in connection with a contract by Davenport Estates, Inc., to sell to one Salmon Simon a lot with a house to be erected thereon by said corporation in accordance with certain plans and specifications. The individual defendant was an officer of the corporation, and at the time of the execution and delivery of the contract, he executed and delivered a writing providing that he " hereby absolutely guarantees to Salmon Simon, the prompt payment or return by Davenport Estates Inc. of any monies that may become due said Salmon Simon from said corporation under the terms of the contract dated February 26, 1951, between said Davenport Estates Inc. and Salmon Simon, covering the sale of Plot 19."

The plaintiffs, as assignees of the vendee, allege due performance on their part and a closing of title under the contract, but further allege a breach of contract on the part of the corporate vendor in the defective and improper construction of the house and the failure to perform the work and furnish the materials in accordance with the plans and specifications. It is generally

alleged by plaintiff that the individual defendant (Theodore Korotkin) "in order to induce the plaintiff Salmon Simon to enter into said agreement, guaranteed in writing to the said Salmon Simon that if the defendant Davenport Estates Inc. should default in the performance of said agreement, or any of its terms or conditions and any damages should accrue to the plaintiff Salmon Simon as a result of said breach, that the amount of said damage would be paid by the defendant Theodore Korotkin to the said Salmon Simon."

The individual defendant, on this motion for summary judgment, contends that his guarantee, represented by the writing hereinbefore mentioned, did not include a guarantee of the payment of damages, if any, accruing by reason of a breach of the contract by the corporate vendor in the failure to properly build the house in accordance with the plans and specifications. His contention is that his undertaking was limited solely to a return of the money paid on account of the price in the event the title was not closed. The court, however, is of the opinion that the affidavits indicate a bona fide issue of fact as to whether said defendant did, in fact, agree to guarantee the payment of the damages claimed by plaintiffs. While a guarantee to this extent is not plainly embraced within the terms of the writing, the affidavit of the plaintiff Simon tends to establish that the defendant did so agree. Evidence of such agreement would, in the opinion of the court, be admissible inasmuch as the writing is ambiguous or at least incomplete. Evidence tending to show what the complete agreement was would not tend to vary the writing but would tend to show what the parties meant when the defendant guaranteed the "payment or return" by the vendor "of any monies that may become due" the vendee from the vendor "under the terms of the contract". Strictly speaking, the contract to which the guarantee related was not one for the payment of money by the corporate vendor, and the guarantee of the payment or return by it "of any monies that may become due * * * under the terms of the contract" is ambiguous. Liberally construed, a guarantee of payment of moneys due under the terms of a contract may include a guarantee of moneys payable by reason of the breach of any of the terms thereof. In any event, when one takes into consideration all the facts and circumstances set forth in the affidavits, and bearing in mind particularly that the written guarantee was drafted by the defendant, who is an attorney, and is, therefore, to be construed strictly against him, the court concludes that parol evidence would be admissible to show that the defendant

in fact agreed to guarantee the payment of any money due by way of damages for breach of any of the terms of the agreement. Where, in light of all the facts and circumstances, it appears that a writing does not clearly express the entire agreement between the parties, evidence is admissible to complete the written portion or resolve any ambiguity therein, provided, such evidence does not tend to vary or contradict the terms of the writing. (See *Laskey* v. *Rubel Corp.*, 303 N. Y. 69, 71, and *Cooper* v. *Payne*, 186 N. Y. 334.)

It is true that the complaint alleges that the guarantee in question was '' in writing '' whereas affidavits submitted by plaintiffs show that it was partly in writing and partly oral. It is the rule, however, that a motion for summary judgment is not directed to the pleadings but only to the question whether there are triable issues of fact in the case. Technical defects in a pleading of an adversary are not available to a party upon a motion for summary judgment. (See *Curry* v. *Mackenzie*, 239 N. Y. 267, 272, and *Miorin* v. *Miorin*, 257 App. Div. 556.)

The defendant also urges that the closing of title to the premises, with the delivery and acceptance of the deed by the plaintiffs, operated as a merger barring recovery upon the guarantee of the performance of the terms of the contract. The court, however, is of the opinion that in this case the question of merger is for the trier of the facts. The question is one of intention and the court may not say that the closing of title operated as a matter of law to release the obligations with respect to the manner of the building of the house. (See *Greenfield* v. *Liberty Constr. Corp.*, 81 N. Y. S. 2d 550; *Kilbane* v. *Scarsdale Down Homes*, N. Y. L. J., March 13, 1952, p. 1026, col. 4; *Meyer* v. *Woodward-Brown Realty Co.*, 209 App. Div. 548, affd. 239 N. Y. 613; *Price* v. *Woodward-Brown Realty Co.*, 190 N. Y. S. 561, 562, affd. 201 App. Div. 837, and *Brennan* v. *Schellhamer*, 13 N. Y. S. 558.) In fact, a letter delivered by the vendor at the time of the closing and signed by the individual defendant as officer of the vendor, providing for the completion of certain unfinished work, contained the statement that '' this letter does not alter the terms of '' the contract between the vendee and vendor. This is indicative that the parties intended that the terms of the contract were to survive the closing, and this being so, the guarantee of such terms would survive unless the parties otherwise agreed.

The motion by the defendant for summary judgment is denied. Submit order on notice.