Carlton A. Fisher, J.
The defendants move for summary judgment pursuant to rule 113 of the Rules of Civil Practice as amended.
The defendants claim that there are no undisputed questions of fact that require a trial thereof and that they are entitled to an order dismissing plaintiff’s complaint and for summary judgment in favor of the defendants as requested in their amended answer.
The plaintiff claims that the pleadings and affidavits submitted entitle the plaintiff to summary judgment for the relief which he has demanded and that the Rules of Civil Practice specifically authorize the entry of such a judgment even in the absence of a cross motion seeking such relief. The plaintiff claims that there is no triable issue of fact remaining.
The action is for a partnership accounting brought by one partner against his four copartners. It involves a family partnership. The plaintiff, one of the partners, is the son of one of the defendant partners; his uncle and other relatives are the other defendant partners.
A superficial examination of the pleadings discloses that there appear to be many issues of fact presented by the denials in the amended answer and in denials contained in the reply to the allegations in the alleged complete defense set forth in the amended answer.
However, in a careful reading of the pleadings, there are no substantial issues of fact presented by the denials except as hereinafter noted. In President & Directors of Manhattan Co. v. Cocheo (256 App. Div. 560) the court said at page 561: “ It is not enough that there be a factual dispute. The issue must be one which the defendant is entitled to litigate. It must appear that he has a defense which is sufficient in point of law. ’ ’
It has been held that rule 113 of the Rules of Civil Practice deals only with the question as to whether there are triable issues of fact in the ease and is not addressed to the pleadings. (Recckio v. Recckio, 273 App. Div. 1057; Gramatan Nat. Rank & Trust Co. v. Penney, 279 App. Div. 974).
*137 The plaintiff was a partner under three partnership agreements, copies of which are annexed to the complaint. The paragraphs hereinafter more fully discussed were common to all of these agreements.
The first partnership agreement dated March 17,1947 (Exhibit “A” of the complaint) was between Robert S. Bassett, first party, Charles K. Bassett, second party, Kingman Bassett, third party and Thomas B. McGrattan, fourth party.
Paragraph 7 of this agreement read: “7. In case a partner wishes to withdraw, this partnership shall be terminated. With the consent of the majority of the stockholders of the Buffalo Meter Company, a corporation, a new partnership may be formed to succeed this partnership and assume the contracts between this corporation and the old partnership. It is hereby agreed that such contracts and also contracts with the customers and the suppliers of the old partnership shall not be considered as having any cash value in terminating the old partnership.” (Emphasis added.)
Paragraph 8 provides that the partnership shall assume the obligation and covenants of a former partnership between Charles K. Bassett and Robert S. Bassett under certain designated contracts.
Paragraph 9 reads: “9. This partnership can be dissolved by mutual consent or by written notice thereof by any party to the other three. parties, the termination to be completed in twelve months from the receipt of such notice, each such notice to be served personally or by registered mail to the last known residence address of the party entitled to receive the same. This partnership shall be terminated by the death of a partner member or by a change in ownership of a participating interest. ’ ’
The next partnership agreement in which the plaintiff is named as one of the partners is dated March 30, 1954. This agreement adds two members — Thomas A. Street and the plaintiff, Kingman Bassett, as trustee for certain designated persons. This agreement does not amend paragraphs 7, 8 and 9 of the partnership agreement of March 17,1947 hereinabove quoted.
The third partnership agreement in which the plaintiff appears as a partnership member is an undated agreement called “ Consolidated Partnership Agreement ” which is Exhibit “ G ” to the complaint. In this agreement slight changes were made in paragraph 8. No changes were made in paragraphs 7 and 9.
One of the issues is whether the defendants effectively terminated all leases and contracts in which the partnership had an interest and reinvested them in the meter corporation pursuant to provisions in those instruments so that the partners *138 have no claim fpr good-will value upon an accounting and will he limited to the return of their respective investments of capital and their share of the profits up to the date of the dissolution.
The plaintiff contends that because Robert Bassett negotiated for the sale of all of the stock of the meter corporation carrying with it all contracts, leases, etc., in which the partnership had an interest before the partnership was terminated, he violated his fiduciary duties to his copartners and that the plaintiff had a pre-emptive right to purchase the assets of the partnership.
The defendants claim that the plaintiff and other partners have no interest in the good will of the partnership, even though the meter business has been carried on by successive partnerships since 1940 or 1942, because of the provision in paragraph 7 of the contract quoted above which contains the provision: “ It is hereby agreed that such contracts and also contracts with the customers and the suppliers of the old partnership shall not be considered as having any cash value in terminating the old partnership.” (Emphasis added.)
The foregoing phrase 11 such contracts and also contracts * ■* * ” may be read as applying only when a new partnership is formed to succeed the one referred to as the old partnership or “ this partnership ”. (See par. 7 in full as quoted above.) It will be borne in mind that there were several partnership agreements, those referred to above, copies of which are annexed to the complaint and others annexed to the amended answer. Under these several partnership agreements new members were added, new capital contributed, capital returned and other changes made, but no accountings were made.
It will be recalled that in the foregoing partnership agreement of March 17, 1947, the partners assumed the obligations and covenants of the former partnership which it succeeded. The former one of March 31,1945 (Exhibit “F” to the amended answer) contained a similar provision.
Can it be said that the provisions above quoted from paragraph 7 relied upon by the defendants apply when “ this ” or the ‘ ‘ old ’ ’ partnership is not succeeded by a new partnership as it might have been by the consent of the majority stockholders of the meter corporation, but is succeeded by an outside concern which through the purchase of thé stock after a few insulating procedures acquires the whole going concern? It would seem that the contract is at least ambiguous on this matter.
The law is well settled that when a contract is ambiguous the construction of its provisions presents a question of fact for a jury. Of course, under those circumstances a motion for summary judgment will be denied. (*Piedmont Hotel Co. v. Nettle- *139 ton Co., 263 N. Y. 25, 30; O’Neil Supply Co. v. Petroleum H. & P. Co., 280 N. Y. 50, 55-56; *Stutsaft v. Mercer Tube & Mfg. Co., 288 N. Y. 255, 260; Lamb v. Norcross Brothers Co., 208 N. Y. 427,431; Auchin, Block & Auchin v. Pennsylvania Coal and Coke Co., 284 App. Div. 940, 941, affd. 308 N. Y. 985; *Utica Carting, etc., Co. v. World Fire & M. Ins. Co., 277 App. Div. 483, 488 [4th Dept.]; Italian Benevolent Institute v. Elaine Co. Inc., 240 App. Div. 196,198. Note: The starred cases, shown by asterisk, were summary judgment cases.)
In Sillman v. Twentieth Century-Fox (3 N Y 2d 395), the court said at page 404: “ To grant summary judgment it must clearly appear that no material and triable issue of fact is presented (De Menna & Sons v. City of New York, 301 N. Y. 118). This drastic remedy should not be granted where there is any doubt as to the existence of such issues (Braun v. Carey, 280 App. Div. 1019), or where the issue is ‘ arguable ’ (Barrett v. Jacobs, 255 N. Y. 520, 522); ‘ issue finding, rather than issue-determination, is the key to the procedure ’ (Esteve v. Abad, 271 App. Div. 725, 727).”
It does not seem that this section is brought prematurely, for under paragraph 9, unless the partnership agreement is to continue for 12 months, which is doubtful, the “ termination ” is to be “ completed ” in 12 months; the only way it can be completed is to have the accounting within that period. However, as indicated above it is doubtful if this issue is- before the court under this motion for a summary judgment.
The defendant’s motion for summary judgment should be denied.