Benjamin Brenner, J.
Plaintiffs, suing for rescission of a contract, seek to enjoin the defendants pendente lite from negotiating, assigning or otherwise disposing of certain promissory notes, assigning a chattel mortgage given in connection therewith and from paying out any part of certain sums of money which have been deposited in escrow with one of the defendants.
*476 The three basic applicable principles involved are: The propriety of granting or refusing a temporary injunction is discretionary with the court. (Wormser v. Brown, 149 N. Y. 163; Young v. Campbell, 75 N. Y. 525; Paul v. Munger, 47 N. Y. 469; Ross v. City of Schenectady, 259 App. Div. 774; Town of Mamaroneck v. New York Inter-Urban Water Co., 209 App. Div. 897.) The burden of establishing the undisputed right to so drastic a remedy is upon the party seeking it. (Pine Hill-Kingston Bus Corp. v. Davis, 225 App. Div. 182.) An injunction should not be granted where the right to the ultimate relief sought in the action is doubtful. (Russell v. American Gas & Elec. Co., 152 App. Div. 136; New Hartford Canning Co. v. Bulifant, 78 App. Div. 6; Village of Mamaroneck v. Lichtie, 72 N. Y. S. 2d 686; Suma v. Landriscina, 36 N. Y. S. 2d 279.)
In the light of these principles, we must first look to the complaint to see whether or not the plaintiffs5 right to the ultimate relief demanded therein is clear. The action is by the vendee for the rescission of an executed contract of sale of a cigar, stationery and confectionery store and for the cancellation of promissory notes and a chattel mortgage and for money damages. It is based on the alleged fraud of the defendants in failing to disclose that the New York City Transit Authority had, previous to the sale, applied for and was denied funds to eliminate the subway station which is immediately adjacent to said store, the existence of which constitutes a primary asset of the store. It appears that even though this application was denied, it is being presently renewed and may be continued if again rejected. It is undisputed that the defendants knew of this previous application and that if the station is removed the store will lose most of its value. Neither is it disputed that nothing was said by any of the defendants with regard to the rejected application or that this fact was a matter of public record.
It is settled law that silence or nondisclosure, even of a material fact, is not fraudulent unless there is a duty to speak. (Amend v. Hurley, 293 N. Y. 587, 596; People’s Bank of City of N. Y. v. Bogart, 81 N. Y. 101; Dash v. Jennings, 272 App. Div. 1073, 1074; D’Alessandra v. Manufacturers Cas. Ins. Co., 106 N. Y. S. 2d 561.) In Bogart (supra), the court enunciated this rule clearly (p. 107): “ The law requires disclosure to be made only when there is a duty to make it, and this duty is not raised by the mere circumstance that the undisclosed fact is material, and is known to the one party, and not to the other, or by the additional circumstance that the party to whom it is known, knows that the other party is acting in ignorance of it.”
*477 Clearly, then, the duty to disclose only arises when there is a confidential or fiduciary relationship between the parties. (Amend v. Hurley, supra; Dash v. Jennings, supra.) Here there is no allegation of any relationship between these parties which would give rise to such a duty to speak. Additionally, the information which the defendants failed to disclose are matters of public record and therefore readily available to the plaintiffs. A duty of diligent and separate inquiry therefore devolved upon the plaintiffs to discover all available facts touching the probable continuance of the station since it was so vital a factor in the transaction. (Sylvester v. Bernstein, 283 App. Div. 333; Schumaker v. Mather, 133 N. Y. 590; Blumberg v. Romer, 168 Misc. 169.)
The right of the plaintiffs to the ultimate relief which they are seeking, namely, the rescission of the contract, is hence highly doubtful. Under these circumstances, to grant an injunction would be an abuse of discretion. Motion is in all respects denied.
Settle order on notice.