Anthony M. Liyoti, J.
This is a derivative stockholders’
action in which the plaintiff seeks to .restrain the. defendants from consummating the consolidation between General Transistor Corp. and General Instrument Corp., unless new proxy-statements are sent to all stockholders of the former disclosing the contents of the complaint in this action; that any proxy statements already received by the corporation be not counted until the stockholders who submitted such proxies be furnished with new statements and proxies; that the meeting to approve the consolidation, scheduled for August 30, 1960, be stayed until all stockholders have had adequate time to decide whether or not they desire to approve the plan of consolidation after full disclosure as hereinbefore prayed for; that all of the defendant director officers be required to account for their official conduct, including any failure to perform their duties in the management and disposition of the funds and property of General Transistor Corp., and that they be declared constructive trustees for the benefit of said corporation of any stock which they have purchased in supplier corporations; to vacate, rescind and cancel all contracts made by the individual defendants in behalf of General Transistor Corp. with supplier companies and with any other firm in which they had a financial interest to the knowledge of that firm; that General Transistor Corp. be permanently and temporarily enjoined and stayed from exercising options on plaintiff’s 32,000 shares obtained in July, 1958, and that provisions be made for the reimbursement and payment to plaintiff of the expenses of this action, including counsel fees.
Simultaneously with the commencement of this action on August 23, 1960, the plaintiff moved for a preliminary injunction, restraining General Transistor Corp. ‘ ‘ from counting or validating any proxy statements already received by the Corporation until the stockholders who submitted such proxies be sent new statements and proxies ” and to restrain the approval of the consolidation above referred to until the stockholders have had an adequate time to decide whether or not they desire to approve the consolidation after disclosure of the facts as set forth in the verified complaint; (b) to examine the defendants before trial concerning the allegations set forth in the complaint *679 and for the production of such books, records and papers as are relevant thereto,; (c) that General Transistor Corp. be restrained from exercising the options on plaintiff’s 32,000 shares of stock and (d) that the individual defendants be restrained from disposing of their stockholdings in certain named corporations, as well as supplier corporations not presently known by the plaintiff.
There are three basic principles which govern the issuance of temporary injunctions, (1) the propriety of granting or refusing such relief is discretionary (Wormser v. Brown, 149 N. Y. 163); (2) the burden of establishing the undisputed right to so drastic a remedy rests upon the party seeking it (Park Terrace Caterers v. McDonough, 9 A D 2d 113; Pine Hill-Kingston Bus Corp. v. Davis, 225 App. Div. 182) and (3) such relief should not be granted where the right to the ultimate relief sought in the action is in doubt (Russell v. American Cas & Elec. Co., 152 App. Div. 136; Saslow v. Novick, 19 Misc 2d 475).
The proof submitted by the plaintiff to restrain a meeting— virtually on the eve thereof — called for the purpose of voting on a merger which had been announced publicly as early as May 20, 1960, and of which the plaintiff, according to the opposing papers, must have had actual knowledge at least as early as July 13, 1960, falls far short of the requirements for the granting of such drastic relief. In addition, this court has grave doubt as to its jurisdiction to restrain the meeting since the basic reason urged by the plaintiff for such restraint is that the proxy statement that was sent to the stockholders on July 29, 1960, “ is not complete and accurate because it does not set forth the facts stated in this verified complaint ” and, therefore, subdivision (a) of section 14 of the Securities and Exchange Act of 1934 (IT. S. Code, tit. 15, § 78n) has been violated. It would seem that section 27 of the same act (U. S. Code, tit. 15, § 78aa) confers exclusive jurisdiction in the Federal courts of any action predicated on a violation of the Securities and Exchange Act (American Distilling Co. v. Brown, 295 N. Y. 36; Beury v. Beury, 127 F. Supp. 786).
Nor is the proof submitted by plaintiff sufficient upon which to base a temporary injunction with respect to the other matters sought to be enjoined, since sharp issues of fact are presented by the affidavits (Geed v. Braunsdorf, 277 App. Div. 1001), and General Transistor’s option to purchase from the plaintiff the 32,000 shares of stock is the subject of a separate suit pending since December, 1958 in the Supreme Court, New York County.
*680 And as for the examination before trial sought by the plaintiff, suffice it to say that such an application is premature in the absence of the joinder of issue which has been held to be a prerequisite to an examination before trial (Edgett v. Romans, 282 App. Div. 729). .
Plaintiff’s motion is accordingly denied in all respects.