George M. Carney, J.
Motion is for a temporary injunction to restrain defendant corporation (Fifth Avenue and affiliated corporations) and the individual defendants from expending corporate funds for attorneys’ fees, proxy solicitors or investigators for the purpose of perpetuating the control of the defendant Fifth Avenue by its present management and board of directors.
This is exactly the same relief which plaintiff asks in a permanent injunction after trial. Such relief may not be granted in the absence of a showing of a clear right to the relief demanded and irreparable injury (Barricini, Inc. v. Barricini Shoes, 1 A D 2d 905).
And it should not be granted where the right to the ultimate relief sought in the action is doubtful (Russell v. American Gas & Elec. Co., 152 App. Div. 136; Gitlin Bag Co. v. Bresky, 279 App. Div. 570; Saslow v. Novick, 19 Misc 2d 475).
It should be exercised with great caution and only when the necessity therefor is shown to be urgent (Maloney v. Katzenstein, 135 App. Div. 225; Bobroso Developments v. Jacobson, 251 App. Div. 825).
What is attempted here is to immobilize the defendants from defending themselves and the corporations in a fight for control.
*119 A board of directors have certain responsibilities and duties to the corporations and stockholders.
It is the right and responsibility of directors in a contest for control to inform the stockholders fully and fairly concerning the corporate affairs and the issues at stake, and that right and responsibility extend to incurring reasonable expenses from the corporate treasury for soliciting proxies to defend the board’s position in a bona fide policy contest (Rosenfeld v. Fairchild Engine & Airplane Corp., 309 N. Y. 168). Further stated therein (pp. 172-173): “If directors of a corporation may not in good faith incur reasonable and proper expenses in soliciting proxies in these days of giant corporations with vast numbers of stockholders, the corporate business might be seriously interfered with because of stockholder indifference and the difficulty of procuring a quorum, where there is no contest. In the event of a proxy contest, if the directors may not freely answer the challenges of outside groups and in good faith defend their actions with respect to corporate policy for the information of the stockholders, they and the corporation may be at the mercy of persons seeking to wrest control for their own purposes, so long as such persons have ample funds to conduct a proxy contest. The test is clear. When the directors act in good faith in a contest over policy, they have the right to incur reasonable and proper expenses for solicitation of proxies and in defense of their corporate policies, and are not obliged to sit idly by. The courts are entirely competent to pass upon their bona fides in any given case, as well as the nature of their expenditures when duly challenged. * e * The rule then which we adopt is simply this: In a contest over policy, as compared to a purely personal power contest, corporate directors have the right to make reasonable and proper expenditures, subject to the scrutiny of the courts when duly challenged, from the corporate treasury for the purpose of persuading the stockholders of the correctness of their position and soliciting their support for policies which the directors believe, in all good faith, are in the best interests of the corporation.”
The granting of the preliminary injunction could well assure plaintiff of ultimate success in the eventual aim, i.e., control of the company. More harm is likely to result to defendants if the injunction is issued and is ultimately proved unwarranted and which far outweighs the possible harm to plaintiff in the complementary situation. Plaintiff has failed to show a clear right to the relief sought. The motion is denied.