Anthony M. Livoti, J.
The plaintiff in this motion before the court seeks a temporary injunction restraining the corpora *353 tion, Gulf Steel Corp., and Meyer Unowitz, individually, from pledging, assigning, obligating or in any way using or withdrawing any of the corporation’s funds or other assets.
The action brought by the plaintiff, individually, as a stockholder and as an officer of Gulf Steel Corp., and on behalf of other stockholders of the corporation, is to enjoin the defendants from excluding plaintiff from the corporation offices, denying him access to the corporate books and records and preventing him from his duties as alleged vice-president and secretary; to impress a constructive trust upon 50% of the stock of said corporation; order defendant Unowitz to deliver such stock to plaintiff; to order Unowitz to submit to an accounting with respect to any profits attributable and allocable to such stock; order Unowitz to account to the corporation for allegedly unauthorized and wrongful sale of a quantity of steel and further to order defendant Unowitz to pay the full amount of any loss to the corporation.
The crux of the instant motion is whether plaintiff is entitled to a temporary injunction under the facts and the law applicable.
Three basic principles are presented upon a motion for a temporary injunction: (1) the propriety of granting or refusing such is discretionary (Wormser v. Brown, 149 N. Y. 163); (2) the burden of establishing the undisputed right to so drastic a remedy rests upon the party seeking it (Park Terrace Caterers v. McDonough, 9 A D 2d 113; Pine Hill-Kingston Bus Corp. v. Davis, 225 App. Div. 182) and (3) an injunction should not be granted where the right to the ultimate relief is doubtful (Russell v. American Gas & Elec. Co., 152 App. Div. 136; Saslow v. Novick, 19 Misc 2d 475).
This court is of the opinion that the plaintiff has failed to prove that he has an undisputed right to the injunction sought. It is well-settled law that where the facts are in sharp dispute a temporary injunction will not be granted. Further, to warrant the granting of the relief sought here the plaintiff must prove that he will suffer irreparable damage unless his motion is granted. This is not the case in this motion before the court. In fact I am constrained to conclude that to grant the instant motion would create greater damage to the defendants than its denial would do to the plaintiff. The motion by plaintiff for a temporary injunction is, therefore, denied.