Johx F. Scileppi, J.
In this action to enjoin defendant, a hair colorist, from employment by “ a beauty parlor, beauty salon or hairdressing business within a radius of one and one-quarter *174 miles from the plaintiff’s premises * * * for a period of three (3) years ” and for further relief in conjunction therewith, said plaintiff moves for a temporary injunction.
It appears that on July 30,1960 plaintiff and defendant entered into an agreement, a copy of which is annexed to the moving papers, wherein defendant agreed that in the event her employment would be terminated she would not engage in the beauty salon or hairdressing trade within a radius of one and one-quarter miles of plaintiff’s business for a period of three years. Plaintiff terminated defendant’s employment on November 11, 1961 and two days later defendant entered into the employ of a competing hairdresser located around the corner from plaintiff’s business premises.
In opposition to the motion defendant asserts that plaintiff comes into equity with “ unclean hands ” since the copy of the agreement annexed to the moving papers is not complete. She asserts that when the agreement was signed her husband added a clause below her signature at the bottom of the paper which provided for severance pay in the sum of $750 upon the termination of her employment. In his affidavit in reply plaintiff, while admitting that there was additional writing at the foot of the agreement, claims that such writing concerned itself with a $300 cash bonus given to defendant at the time she signed the agreement, which would be reimbursed in the event she left his employ. Plaintiff further claims that upon defendant’s husband’s hesitancy in allowing her to sign the agreement with such added provision it was “ then cut off and destroyed.”
There are other serious issues present, such as defendant’s claim that plaintiff had abandoned the agreement when her salary was reduced from $100 to $70 per week.
Where, as here, a temporary injunction would afford the plaintiff substantially all of the relief which he could obtain if successful after trial, the motion for such relief may not be granted in the absence of a showing of a clear right thereto. (Barricini, Inc., v. Barricini Shoes, 1 A D 2d 905.) Moreover, the burden of establishing the undisputed right to so drastic a remedy rests upon the party seeking it. (Park Terrace Caterers v. McDonough, 9 A D 2d 113; Pine Hill-Kingston Bus Corp. v. Davis, 225 App. Div. 182.) Also, in cases where a former employer seeks to restrain the former employee’s general freedom of employment, there is always present the question of whether the limitation upon the employee is more extensive than is required by the legitimate interests sought to be protected. (Duro-Test Corp. v. Donaghy, 9 A D 2d 860.)
*175 Under the circumstances here presented, the court is of the opinion that plaintiff has failed to meet his burden of establishing an undisputed right to so drastic a remedy, particularly in view of the substantial controversy surrounding the facts upon which the right to final judgment depends. (Voorhees & Hobart, Inc., v. Hobart, 251 App. Div. 111; Russell v. American Gas & Elec. Co., 152 App. Div. 136.) Accordingly, the motion is denied.