Matthew M. Levy, J.
The plaintiff moves for summary judgment in an action brought to recover the purchase price of goods alleged to have been sold and delivered. In its answer, the defendant has denied that it requested, bought or received the merchandise. The amount involved is comparatively small, and the suit appears to have been brought in the Supreme Court because defendant is not domiciled within the City of New York. Nevertheless, I cannot, on this motion, relieve this court of the burden of a trial.
The moving affidavit is made by the plaintiff’s counsel, and, objection thereto having been raised by the defendant, the attorney states in reply that e< this is a sufficient basis for a moving affidavit upon which judgment may be granted ”. The so-called basis is said to be “ original documents in my possession as well as conversations with the officers and employees of the plaintiff ’
As to “ documents ”, all of substance that is submitted is ■ the original of an exhibit annexed to the bill of particulars. It is said by the plaintiff’s attorney to be the receipt for the merchandise, obtained at the time of delivery to the defendant. But the document gives no indication whatsoever as to who on behalf of the defendant received the goods, and there is no proof *803 that delivery was made to any agent, officer or employee of the defendant. The exhibit referred to is a paper signed only “ Great Western Beef Co.”. Apart from the fact that that is not precisely the name of the defendant, there is no signature of any individual person thereon who signed for or was acting on behalf of the defendant.
An affidavit of one who — like the plaintiff’s attorney in this instance — relies upon “ conversations with the officers and employees of the plaintiff ” certainly does not fall within the category of one who is 66 a party or other person having knowledge of the facts ”, as required by the express and specific language of rule 113 of the Buies of Civil Practice (Trans America Development Corp. v. Leon, 279 App. Div. 189, 191). The attorney’s affidavit is insufficient to support the motion for summary judgment where, as here, he obviously is not qualified to state the facts relied upon (Labasin v. President Realty Holding Corp., 14 A D 2d 551). Only when a moving affidavit is submitted by such a one, and only when the affidavit sets 6 ‘ forth such evidentiary facts as shall * ” establish the cause of action sufficiently to entitle plaintiff to judgment ’ ’ (rule 113), is the burden east upon the defendant to come forward with countervailing proof. Consequently, the fact that the present answering affidavit is made by the defendant’s attorney is immaterial and does not deprive the defendant of the right to object that the moving affidavit is made by one not having knowledge of the facts. As upon a full-dress trial, a defendant here, too, can object that the proof proffered by the plaintiff is inappropriate — for example, that there is no proper foundation laid to receive in evidence the document and that the testimony of the plaintiff’s attorney is entirely hearsay.
Summary judgment is a drastic remedy and the requirements of rule 113 must be strictly complied with in order to entitle the applicant to such judgment (Universal Credit Co. v. Uggla, 248 App. Div. 848; Gnozzo v. Marine Trust Co. of Buffalo, 258 App. Div. 298, affd. 284 N. Y. 617). "When making a motion for summary judgment, it is the plaintiff who has the burden tl to submit convincing proof that the answer is sham and that there is no real defense or issue of fact to he determined ” (Gramatan Nat. Bank & Trust Co. of Bronxville v. Penney, 279 App. Div. 974). The moving papers must, in the first instance, suffice to warrant judgment in Ms favor for, if anything less be presented by the plainti if, his motion must fail —1' the deficiency in the affidavits on both sides cuts against the plaintiff rather than against the defendant” (O’Connor-Sullivan, v. Otto, 283 App. Div. 269, 272).
*804 The motion is denied, without prejudice to renewal upon proper proof (Freund v. James McGullagh, Inc., 268 App. Div. 875).