Andrew ft. Tyler, J.
In this action the plaintiffs, on their own behalf and for others similarly situated, seek a declaratory judgment voiding the plan to co-op the premises known as 150 West 79 Street on grounds that the requirement of the General Business Law and the New York City Bent and Eviction Regulations have not been complied with either in the letter or the spirit of the law. The instant motion is for a preliminary injunction enjoining any attempt to consummate the plan before a trial is had on the issues included herein. The various defendants cross-move for summary judgment to dismiss the complaint while the plaintiffs in opposition thereto cross-move for similar relief striking their answers generally and the pleaded counterclaim of certain defendants specifically.
Plaintiffs, in their complaint, allege that the sponsor Washington Park Urban Renewal Corp., and certain named defendants termed the “ Negotiating Committee ”, deceived the tenants into believing that the negotiations with respect to the purchase price of the premises were arrived at by arm’s length bargaining and represented in some degree the reasonable value of the premises. Purportedly, the offering price is an amount grossly in excess of true value. In addition, it is urged that the. plan does not conform to the regulations of the State Attorney-General’s office and contains several serious material misrepresentations. Lastly, the plaintiffs claim that the requisite 35% of the tenants had not approved the offering within the six-month statutory period (Rent, Eviction and Rehabilitation Regulations).
*614 In the latter regard, the plaintiff's do not seriously contest the fact that the requisite number of approvals have been obtained within the six-month period calculated from the filing date of the plan, July 13, 1970. They do insist, however, that the amendment, which effected a downward modification of the original offering price, constituted a new offering or prospectus within the meaning of the Rent and Eviction Regulation. The position is unsupported in either law or fact. Neither the rent regulations nor the General Business Law mandate that result nor will this court impose on those statutes and regulations such an unreasonable and restrictive construction to achieve same. One cannot successfully analogize this situation to basic contract law where a counteroffer or a purported acceptance which includes additional terms operates as a rejection of the original offer which in this case is the prospectus. The parties are nót restricted to the proposed terms. They can, and certainly should, negotiate to obtain more favorable conditions. The only statutory proviso is that such negotiations and the amendments filed pursuant thereto ripen into approval by the requisite number of statutory tenants within the prescribed period.
Moreover, it is the statutory duty of the Attorney-General’s office to pass upon the sufficiency of a prospectus before same is accepted for filing. Once having done so, his determination is subject to review only in an appropriate article 78 proceeding (Schumann v. 250 Tenants Corp., 65 Misc 2d 253). Such determination, however, becomes final and binding on the date the tenants receive notice of the filing of the plan and any proceeding to review the Attorney-General’s determination must be initiated within the requisite four-month period calculated from that date (CPLR 217). This has not been done here. Nor does the filing of the amendment on January 14, 1971, extend this period since the nonconformities alleged do not in any way relate to the scope or content of the amendment. Thus, notwithstanding the procedural irregularities involved herein, plaintiffs cannot, at this point in time, challenge the determination of the Attorney-General on any alleged technical deficiencies of the prospectus.
Nevertheless, the prospectus is open to challenge on grounds of fraud or material misrepresentation and plaintiffs make allegations in this respect. These allegations do not appear to havé merit. It is undisputed that the sponsor is not authorized to do business in New York but that fact alone will not impair the validity of the prospectus or its corporate acts (Business Corporation Law, § 1312, subd. [b]). Failure of title is a material misrepresentation when shown but the deed annexed to the *615 papers submitted herein clearly indicates title to be in Washington Park Urban Renewal Corp. as of January 5,1969. A failure to record does not invalidate the deed or void title in the grantee. Thus, in this respect no material misrepresentation has occurred. Washington Park has the power to convey good legal title. Similarly, failure to disclose the pertinent mortgage provision can be material if it is shown that the mortgagee will not approve the intended repairs. No such showing is made.
Thus, the issues herein are reduced to the allegations of fraud and collusion on the part of the sponsor, and the negotiating committee. Both parties seek summary judgment on the basis that the proof submitted either proves or disproves the alleged fraud. Summary judgment, however, is a drastic remedy and the procedural equivalent of a trial. Issue finding rather than issue determined is the key to the procedure and before the court could grant such a remedy it must clearly appear that no material and triable issue of fact is presented (DiMenna & Sons v. City of New York, 301 N. Y. 118; Barrett v. Jacobs, 255 N. Y. 520). The test then is whether the pleadings, affidavits and exhibit are sufficient to overcome the opposing affidavits and justify as a matter of law that there is no defense to the action or relief sought (Stuyvesant Credit Union v. Manufacturers Trust Co., 239 App. Div. 187). Neither party meets this test.
Plaintiffs, in conclusory form, merely indicate a disparity between cost of the premises to the landlord and offering price. This of itself cannot prove fraud. There is no affidavit by an expert in the field to indicate what is the building’s true value of the present condition thereof. Furthermore, the affidavits of Harry Tuvim and S. Earl Levene fall far short of what is necessary to prove the alleged fraud and collusion. The affidavits of defendants are similarly deficient in many material respects.
In addition to summary judgment, the plaintiffs are seeking relief in the form of a preliminary injunction. This, too, is a drastic remedy and cannot be granted where the right to the ultimate relief sought is in doubt and triable issues of fact are presented (see Malkan v. General Transistor Corp., 27 Misc 2d 677, 679; Schwamm v. Alpert, 31 Misc 2d 768, 769).
Accordingly, the plaintiffs’ motion for a preliminary injunction and summary judgment is denied. The motion for summary judgment on behalf of Attorney-General of the State of New York to dismiss as against it is granted for the reasons set forth herein. The remaining defendants’ motion for summary judgment is granted only to the extent of striking the plaintiffs’ second, third and fourth causes of action.