■ ALEXANDER VERITY, Respondent, v. PEOPLES STATE BANK OF BALDWIN, Appellant.— Action for a judgment declaring plaintiff to be the true and lawful owner of two certificates representing fifty-five shares of the capital stock of defendant, bearing the indorsement of the original prior owner and allegedly assigned to plaintiff by said owner, his attorney, on February 3, 1935. Said certificates were not presented to defendant for transfer until December 30, 1954, almost twenty years after the alleged assignment and more than a year after the death of the original owner. Defendant pleads that on or about March 3, 1954, it issued a new certificate for said shares to an assignee of the widow and executrix of the original owner, upon an affidavit stating that the original certificates had been lost and had not been assigned. Nowhere does plaintiff state the circumstances of the alleged assignment of the stock to him, of the delivery of the indorsed certificates, or what consideration he paid, if any. His explanation for his delay in presenting the certificates for transfer is that he forgot about them. Defendant appeals from an order granting plaintiff's motion for summary judgment, from the judgment entered thereon, and from an order denying its cross motion for judgment on the pleadings and for summary judgment. Order granting plaintiff's motion, and judgment entered thereon, reversed, without costs, and said motion denied. Order denying defendant's cross motion affirmed, without costs. Since knowledge of the circumstances surrounding the alleged assignment of the stock to him (including the delivery of the certificates) is exclusively within the possession of plaintiff, he should be required to prove his case by common-law proof, subject to cross-examination. (*Levine* v. *Behn*, 282 N. Y. 120; *Newman* v. *Newark Fire Ins. Co.*, 281 App. Div. 852; *Suslensky* v. *Metropolitan Life Ins. Co.*, 180 Misc. 624, affd. 267 App. Div. 812; *Segal* v. *National City Bank of N. Y.*, 269 App. Div. 986.) Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ., concur.