J. Irwin Shapiro, J.
Defendant Mutual Broadcasting System, Inc. (Mutual) moves for summary judgment dismissing the first two causes of action set forth in the complaint.
The complaint sets forth four causes of action, each of which relate to a contract entered into between plaintiff and defendant Mutual on July 10, 1956, as of April 4, 1956, whereby plaintiff was to furnish Mutual with five sets of transcribed mystery programs suitable for broadcast by radio. Briefly stated, the complaint alleges, for a first cause of action, that defendant Mutual conspired with defendant AFTRA to breach Mutual’s own contract obligation to plaintiff. The second cause of action is against Mutual, alone, and alleges breach of contract by Mutual.
Prior to entering into the contract and during the course of its negotiation, Mutual officials expressed some hesitancy about contracting with plaintiff for these radio programs for fear of fomenting labor trouble with AFTRA, which union represented Mutual’s employees for collective bargaining purposes. Apparently the reason for these fears was twofold — (1) because plaintiff had been blacklisted by AFTRA as an unfair producer and (2) because the radio programs being offered by plaintiff had all been produced in Australia, and it was known in the trade that the importation of foreign-made programs was a sore point with AFTRA and other American unions.
Because of the fact that Mutual did not want to be caught in the middle in a possible dispute between plaintiff and AFTRA, a clause was inserted in the contract which gave Mutual the right of cancellation should trouble with the labor union arise. Specifically, article 11 of the contract provided that should AFTRA (and/or certain other enumerated persons) “ institute *860 any legal or arbitration proceeding against Mutual challenging the right of Mutual to broadcast the programs as herein authorized or demanding fees of any kind by reason of Mutual’s broadcast of any of the programs pursuant to this agreement, then Mutual shall have the right, at its option, forthwith to terminate this agreement by giving Goodman notice of such termination.”
Mutual, in moving for summary judgment here, says that on February 27, 1957, AFTEA served a demand for arbitration upon it, a copy of which is annexed to the moving papers as Exhibit B, in which it challenged Mutual’s right to continue to broadcast the plaintiff’s programs. As a result of said demand for arbitration, says Mutual, a meeting was held of its president, director of labor relations, program director, and one of its attorneys, and it was decided at that meeting that Mutual should serve notice of termination on plaintiff of the contract between it and the plaintiff pursuant to the terms of article 11 of the contract. Such a notice of termination of the contract was sent to the plaintiff, by registered mail, on February 28, 1957, since which time the contract has been treated by Mutual as lawfully cancelled. Defendant Mutual, by reason of the foregoing facts, says that it had an absolute right under the circumstances to terminate the contract and that, the plaintiff has no cause of action by reason of such termination.
Both sides agree that the second cause of action pleads a cause of action for breach of the contract. As to the first cause of action they differ. Mutual says that the first alleged cause of action is that Mutual and AFTEA conspired together to breach Mutual’s contract with plaintiff, and that it is insufficient because the “law of New York clearly does not recognize as constituting a cause of action an allegation by one contracting party that another party to the contract conspired to breach its own contract.” This would seem to be the law. (Friedman v. Roseth Corp., 270 App. Div. 988, affd. 297 N. Y. 495; Labow v. Para-Ti Corp., 272 App. Div. 890; Cuker Ind. v. Grow Constr. Co., 6 A D 2d 415.)
The plaintiff, on the other hand, contends that the first cause of action is predicated on the theory of prima facie or business tort.
We need not pause to consider whether plaintiff or Mutual is correct in their respective interpretation of the first cause of action, since this is not a pleading motion, but one to dismiss because factually plaintiff has no cause of action of any kind. (Recckio v. Recckio, 273 App. Div. 1057; Miorin v. Miorin, 257 App. Div. 556; Gramatan Nat. Bank & Trust Co. *861 v. Penney, 279 App. Div. 974; Carman v. Hegeman Farms Corp., 275 App. Div. 980.)
There is no question in this case that each step which the movant took to cancel its contract with the plaintiff was in and of itself entirely lawful. However, the underlying question in this case is the intent with which the movant acted and whether the notice of arbitration served upon it by the codefendant was instigated or arranged by it. If any one of the steps, though each in itself lawful, was taken without excuse or justification, with intent to harm or damage the plaintiff, the latter would have a good cause of action for damages as a result of a prima facie tort.
Thus, in Ruza v. Ruza (286 App. Div. 767, republished 1 A D 2d 669), the court said ,(p. 769): “ The key to the prima facie tort is the infliction of intentional harm, resulting in damage, without excuse or justification, by an act or a series of acts which would otherwise be lawful. The need for the doctrine of prima facie tort arises only because the specific acts relied upon — and which it is asserted caused the injury — are not, in the absence of the intention to harm, tortious, unlawful, and therefore, actionable. The remedy is invoked when the intention to harm, as distinguished from the intention merely to commit the act, is present, has motivated the action, and has caused the injury to plaintiff, all without excuse or justification.”
The documentary evidence referred to by defendant Mutual in its moving papers consists of the contract, the demand for arbitration served by the other defendant, and its own notice of cancellation of the contract. The plaintiff here says that the demand for arbitration was served as a direct result of a conspiracy between the defendants (including Mutual) to harm plaintiff.
Every contract is instinct with a requirement that the parties thereto will act in good faith. The principle is ‘ ‘ that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract, which means that in every contract there exists an implied covenant of good faith and fair dealing.” Kirke La Shelle Co. v. Armstrong Co., 263 N. Y. 79, 87.)
If the facts appearing in the moving and opposing papers were the only facts adduced upon a trial of this action, bearing upon the intent with which the various steps leading to the termination of the contract were taken by Mutual, this court would not hesitate to direct a verdict in favor of the movant upon the ground that there was no issue of fact established by *862 the plaintiff sufficient to make out a cause or causes of action. However, all of the acts giving rise to the termination of the contract by the movant, allegedly in accordance with its terms, were all acts with which the plaintiff had nothing to do, and even though, in the opinion of the court, he has been unable upon the papers now before the court to raise any factual issue with regard thereto, the motion must nevertheless be denied because the plaintiff has a right to cross-examine Mutual upon a trial for the purpose of attempting to elicit facts to show that the defendant, in terminating the contract, acted in bad faith.
In other words, since the facts upon which the motion for summary judgment is predicated are exclusively within the knowledge of the moving party, the motion must be denied for “ ‘ If this were not so, summary judgment would be a perversion of justice, instead of in furtherance thereof. ’ ” (Quigley v. Fitts, 57 N. Y. S. 2d 16, 17.)
Stated another way, the rule is that where the facts material to the action are exclusively within the knowledge of the moving party, summary judgment should not be granted, and the moving party should be required to prove his case by common-law proof, subject to cross-examination. (Newman v. Newark Fire Ins. Co., 281 App. Div. 852; Verity v. Peoples State Bank of Baldwin, 1 AD 2d 833.)
Under the circumstances, the motion for summary judgment is denied.
Submit order.