■   PHILIP J. DONOHUE, Appellant, v. SHEILA FRASCA, Respondent.— In an action by a contract vendee for specific performance of a contract for the purchase and sale of real property, the appeal is from an order denying his motion to examine one William Banks before trial, as a witness, and to compel him to produce certain documents (Civ. Prac. Act, §§ 288, 296).   Appellant asserts that, after signing a binder and making a down payment to a broker, he retained Banks, an attorney, to prepare the contract and to represent him at the closing.   Banks prepared the contract in duplicate and appellant signed both copies.   Respondent, the contract vendor, was unable to be present at the time appellant signed the contract but thereafter appeared at Banks' office and under his supervision signed the contract in duplicate.   Banks so advised appellant.   Thereafter respondent refused to complete the transaction.   Appellant appeared on the closing date, but respondent did not.   Appellant made a tender of the amount due.   Banks refused to accept the tender and refused appellant's request for a copy of the signed contract.   Order reversed, with $10 costs and disbursements, and motion granted.   In our opinion, appellant has shown special circumstances warranting the granting of the relief sought.   (*Southbridge Finishing Co.* v. *Golding,* 2 A D 2d 430, and cases cited therein.)   Nolan, P. J., Beldock, Christ, Pette and Brennan, JJ., concur.   Settle order on notice.

■   ARTHUR GARTEN, Respondent, v. ARLYNE GARTEN, Appellant.— In an action for a divorce, the appeal is from an order (1) granting respondent's motion for leave to serve an amended complaint on condition that there be delivered therewith " a stipulation consenting to the amendment of the order framing issues so as to include therein the issues as to the six additional acts of adultery set forth in the proposed amended complaint ", and (2) granting appellant's cross motion for an additional counsel fee of $500.   Order affirmed, without costs.   The allowance of $500 as an additional counsel fee was adequate. We do not rule on the propriety of the court's direction with respect to the framing of additional issues.   This condition, of which respondent does not complain, was imposed as an intended benefit to appellant, who is not obligated to consent to the proposed framing of issues.   Nolan, P. J., Kleinfeld, Christ, Pette and Brennan, JJ., concur.

■   HARRY S. GOODMAN, Doing Business under the Name of HARRY S. GOODMAN PRODUCTIONS, Respondent, v. MUTUAL BROADCASTING SYSTEM, INC., Appellant, and LUIS VAN ROOTEN, as President of the New York Local of the American Federation of Television and Radio Artists, Respondent, et al., Defendant.— Appeal from an order which denied appellant's motion for summary judgment dismissing the first cause of action as to it, and dismissing the second cause of action (Rules Civ. Prac., rules 113-114).   The complaint contains four causes of action, the first of which is to recover damages for unlawful conspiracy to breach appellant's contract with plaintiff-respondent.   The second cause of action is to recover damages from appellant for said breach.   Order affirmed, with $10 costs and disbursements.   No opinion.   Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.   [16 Misc 2d 858.]

■   LOUIS GREENFIELD, Appellant, v. GLORIA GREENFIELD, Respondent.— In an action to annul a marriage, the appeal is from so much of a judgment annulling the marriage as directs appellant to pay (1) a stated weekly amount for the support of respondent, (2) certain hospital and medical bills, and (3) a counsel fee.   Judgment insofar as appealed from unanimously affirmed, with costs.   No opinion.   Present — Ughetta, Acting P. J., Kleinfeld, Christ, Pette and Brennan, JJ.