G. Robert Witmer, J.
Plaintiff moves for summary judgment in each of two actions on two checks. It appears that in January, 1954 defendant, Katherine Case, issued a check to plaintiff’s husband, Ferdinand A. Rheinstein, in the sum of $200 and in June, 1954 defendant Joseph L. Case, husband of said Katherine Case, issued a check to plaintiff’s husband in the sum of $300. Plaintiff alleges that within a day or two after each check was given to her husband, he transferred the same to plaintiff for value received; that the checks were duly presented for payment and in each instance they came back marked “ insufficient funds and that the amounts thereof plus interest are due and owing to plaintiff.
Defendant in each case interposes an answer that the check was issued’ to plaintiff’s husband without consideration and purely as an accommodation; that it was agreed on each occasion when the checks were issued that plaintiff’s husband would not transfer, negotiate nor present for payment such checks; that plaintiff knew of such circumstances of issuance and of such agreement; that plaintiff gave nothing of value for the checks and that she is not a bona fide holder thereof.
In support of her motion for summary judgment in the action on the first check plaintiff submits her husband’s affidavit that in January, 1954 defendant Katherine Case was in arrears in her rent and he lent her $200 cash therefor, for which she gave him said $200 check under promise to make it good within one week. Plaintiff also submits her own affidavit that shortly thereafter her husband, ‘ ‘ who had experienced financial difficulties ’ ’, asked her to cash the said check, and she gave him $200 cash therefor; and that the check ivas then promptly presented for payment and was returned because of insufficient funds.
Defendant Katherine Case answers with affidavits to the effect that when this check was issued to plaintiff’s husband, he was in need of money and he asked defendant to issue a check so that upon the strength of it he could borrow money. Defendant says that plaintiff’s husband assured her he would not negotiate *43 nor present for payment the said check, and that it was issued to the defendant without consideration and purely for accommodation.
In support of plaintiff’s motion for summary judgment in the action on the second check, she submits her husband’s affidavit stating that in June, 1954 defendant Joseph L. Case was desperately in need of money and asked for a $300 loan, saying that he had inherited some property and could repay it. Plaintiff’s husband said that he consented to make the loan when said defendant signed a check in such amount certifying1 that he had the funds therefor in the drawee bank. Plaintiff swears in her affidavit that despite the fact that the $200 check previously given by this defendant’s wife remained unpaid, she believed her husband’s story that the defendants had inherited some money and had money on deposit to pay this check, and so she advanced $300 to her husband in reliance on this check.
In opposition, defendant Joseph L. Case swears that in June of 1954 plaintiff’s husband was having financial difficulties and asked defendant to issue a check to him without consideration which he could use to secure money or credit, and that defendant issued such $300 check to plaintiff’s husband upon his promise not to negotiate it. Defendant further says that it was then his “ understanding ” that the prior $200 check issued by his wife Katherine Case had been destroyed.
If a question of fact exists in each of these actions, or if there is doubt as to the existence of a triable issue, or even if the existence of a triable issue is arguable, the motions for summary judgment must be denied. (Falk v. Goodman, 7 N Y 2d 87, 91.)
The parties give strongly conflicting stories as to the circumstances surrounding and the reason for the issuance of these two checks. Although some statements in plaintiff’s affidavits seem credible, it is acknowledged that her husband was in financial difficulties. That condition goes to a vital matter herein. Being in financial difficulties, it is claimed that he still had $200 cash on his person in January and $300 cash on his person in June to lend to the defendants; and that plaintiff had cash in such amounts to purchase the checks from her husband. Thereafter, for five years plaintiff held the checks and, so far as appears, made no effort to collect them. The assertions that plaintiff and her husband relied on defendant’s inheritance and on his certification that he had the money in the drawee bank seem a little too good under the circumstances.
Defendants’ explanation of the circumstances surrounding the issuance of the checks and the purpose of the checks leaves *44 much to be desired. No attempt is made to explain how it was expected that the checks would or could be lawfully used by plaintiff’s husband to help him secure cash or credit without negotiating the checks.
I think an issue of fact is made concerning the issuance of the checks. Of course, such defense is not good as against plaintiff if she is a bona fide purchaser for value. Defendants have pleaded that plaintiff knew that her husband paid no value for the checks and 'that they were not to be negotiated. Plaintiff contends that such pleading constitutes a conclusion and does not raise an issue of fact, and she cites Galusha Stove Co. v. Pivnick Constr. Co. (132 Misc. 875). That contention is unsound, because the 'allegations are clearly factual.
Of more concern, however, is the failure of defendants to set forth 'any fact to support their 'allegations concerning plaintiff’s knowledge. The facts concerning those allegations are necessarily within the control of plaintiff and her husband, and not of the defendants. Under such circumstances a motion for summary judgment may not be granted. (De France v. Oestrike, 8 A D 2d 735; Universal Major Elec. Appliances v. Budisco, 3 A D 2d 687; Verity v. Peoples State Bank of Baldwin, 1 AD 2d 833; Goodman v. Mutual Broadcasting System, 16 Misc 2d 858, 862.)
Plaintiff argues that because defendants have not clearly established a bona fide defense, this court should not allow them to take valuable court time to present a colorable defense. In reply to this thought this court adopts the words of Judge Learned Hand in California Apparel Creators v. Wieder of California, 162 F. 2d 893 at page 903: “ Indeed, when I see, as I am constantly seeing more and more, the increasing disposition to make use of that remedy (summary judgment), I cannot help wondering whether there is not danger that it may not rather impede, than advance, the administration of justice. It is an easy way for a court with crowded dockets to dispose of them, and the habit of recourse to it readily becomes a denial of that thorough, though dilatory, examination of the facts, on which justice depends even more than upon a studious examination of the law; for a mistake of law can always be reviewed. Speed and hurry ought to be antipodes of judicial behavior.”
The motions for summary judgment are therefore denied. Submit orders accordingly.