ARTISTIC GREETINGS, INC., Respondent, v. SHOLOM GREETING CARD Co., INC., et al., Appellants.

Third Department, February 25, 1971.

*Richard C. Stein* (*Jerome H. Diamond* of counsel), for appellants.

*Pomeranz & Pomeranz* (*Norman Katz* of counsel), for respondent.

STALEY, JR., J. These are appeals (1) from an order of the Supreme Court at Special Term, entered May 27, 1970 in Chemung County, which granted a motion by plaintiff for summary judgment under CPLR 3213, and (2) from the judgment entered thereon.

Plaintiff moved, pursuant to CPLR 3213, by service of a summons and notice of motion dated February 6, 1970 for summary judgment of the amount due on nine promissory notes executed on August 9, 1969, and due on the 9th day of each successive month, commencing on September 9, 1969 and ending on May 9, 1970. The first four notes due were in the sum of $7,500 each and the remaining five notes were in the sum of $5,000 each. The notes were issued for the payment of the outstanding balance due by the defendant corporation, Sholom Greeting Card Co., Inc., to the plaintiff for goods sold and delivered between January 1, 1969 and August 9, 1969. The notes were executed by the defendant corporation by Arthur Gruskin as president, and by Arthur Gruskin individually, and called for interest at the rate of 1% per month. Plaintiff further alleges in the affidavit of its president in support of the motion that in January, 1970 defendant Gruskin advised him that the defendant could not make payment of any of the notes, and that none of the notes would be paid in accordance with their terms. Special Term granted summary judgment for the balance due on all nine of the notes, holding that there was an anticipatory breach of the notes falling due after the date of the summons.

Defendant Gruskin contends that the notes were usurious as to him individually; that the notes were given as collateral security for an outstanding obligation that was not due at that time with the understanding that they would not be sued upon; that he was fraudulently induced to sign the notes; and that as to the notes due after the date of the summons, the motion was premature.

Plaintiff alleges in its supporting affidavit that it agreed to accept the notes in question only on condition that payment thereof was personally guaranteed by Arthur Gruskin, the president of the defendant corporation, and that the defendants agreed to this condition and the notes were signed by Arthur

Gruskin on the face thereof, both as president of the corporation and individually as an accommodation maker.

One who signs an instrument in any capacity for the purpose of lending his name to another party to it is an accommodation party (Uniform Commercial Code, § 3–415, subd. [1]), regardless of whether he received any consideration for so acting. The status of the accommodation party under the Uniform Commercial Code is that of a surety whether he is primarily liable on the paper or secondarily liable. (2 Anderson, Uniform Commercial Code 2d, § 3–415:12.)

If the commercial paper calls for the payment of usurious interest on a loan, the problem of the availability of the defense of usury arises when the loan is made to a corporation and an individual is the accommodation party. In such a situation, it is generally held that the accommodation party stands in the shoes of the accommodated party and, consequently, an individual accommodation party cannot raise the defense of usury when the accommodated corporation is barred from raising that defense. (2 Anderson Uniform Commercial Code 2d, § 3–415:14.) Here, the principal obligor was clearly the defendant corporation, and the individual Arthur Gruskin was an accommodation maker and, as such, may not raise the defense of usury. (*General Phoenix Corp.* v. *Cabot,* 300 N. Y. 87.)

The facts involved here differ from those in *Ranhand* v. *Sinowitz* (26 N Y 2d 232, 235), on which the appellants rely, since in that case the court held '' that the loans were made to the defendant personally to be used for the benefit of the corporate enterprises ' owned ' by the defendant. However, it is clear that the obligations represented by the promissory notes sued upon were those of the defendant individually and there is no indication whatever of any corporate obligation.''

Appellants' contention that summary judgment is not available as to the notes due after the date of the summons is correct. '' The time for payment is not accelerated, in the absence of an express provision to that effect, by the fact that the maker has declared his intention not to pay on the date when the instrument is due.'' (2 Anderson, Uniform Commercial Code 2d, § 3–122:9.)

In regard to appellants' other contentions, the affidavits submitted in opposition to the motion do not contain any evidentiary facts to support their contention of the existence of an oral agreement to alter the effect of the notes or to establish a defense of fraud and, in the absence of any such allegations of fact, their defenses in these respects must fail. (*Manufacturers Trust Co.* v. *Palmer,* 13 A D 2d 772; *Ford* v. *Hahn,* 269 App. Div. 436.)

The judgment and order should be modified, on the law, by denying summary judgment as to the notes due after February 6, 1970, and, as so modified, affirmed, with costs.

HERLIHY, P. J., REYNOLDS, GREENBLOTT and SWEENEY, JJ., concur.

Judgment and order modified, on the law, by denying summary judgment as to the notes due after February 6, 1970, and, as so modified, affirmed, with costs.