■    LOUIS BROWN, Respondent, v. DOMINICK J. ARCURI, Appellant.— Appeal from a judgment of the Supreme Court in favor of the plaintiff, entered June 11, 1973 in Washington County, upon a decision of the court at a Trial Term, without a jury. This is an action on a promissory note made payable to the order of the First National Bank of Glens Falls in the sum of $2,581.68. Three signatures appear on the face of the note in the following order: first, Nicholas Chakalis; second, Dominick Arcuri; and third, Louis Brown. Factually, this dispute arose after Chakalis, who was desirous of borrowing some money, was unable to do so on his own behalf because of his poor credit rating. He, therefore, arranged to acquire the funds through the plaintiff, Brown, a professional guarantor of loans and a man with whom Chakalis and the defendant, Arcuri, had had similar dealings in the past. As on those earlier occasions, plaintiff insisted that the defendant, a business associate of Chakalis, also sign the note to guarantee payment in light of Chakalis' credit rating. In this instance, plaintiff received a fee of $400 for his services while defendant signed the note as a favor for his business associate. After Chakalis received the proceeds of the note, minus plaintiff's fee, he made his payments for a time and then defaulted. The bank thereupon made a demand upon the plaintiff for the balance due and he paid it, after which he commenced this action to recover the same. The trial court found, as between plaintiff and defendant, that defendant assumed the role of guarantor. Therefore, it concluded that plaintiff was entitled to full indemnity from the defendant for the amount which he had paid to the bank on the defaulted note. Defendant challenges this result on appeal,

but we find his reasoning unpersuasive. While it appears from the face of the instrument that the three parties signed the note as comakers, and hence, plaintiff could only proceed against the others for contribution as to the amount he paid greater than his proportionate share (*Bronner* v. *Walrath*, 208 App. Div. 758; *Owens* v. *Blackburn*, 161 App. Div. 827; 42 N. Y. Jur., Negotiable Instruments, § 418), it is settled that, in actions between themselves, parties whose names appear on a note can show by parol evidence their respective liabilities and relationships (Uniform Commercial Code, § 3–415, subd. [3]; cf. *Gallery* v. *Lyons*, 292 N. Y. 15; *Haddock, Blanchard & Co.* v. *Haddock*, 192 N. Y. 499; *Artistic Greetings* v. *Sholom Greeting Card Co.*, 36 A D 2d 68; *Jamaica Tobacco & Sales Corp.* v. *Ortner*, 70 Misc 2d 388). In this case, the testimony clearly establishes that plaintiff is entitled to full recovery. Chakalis was unquestionably the man in need of funds and the one for whom the loan was obtained. Among the parties, his liability was primary, and he was responsible for the periodic payments. Furthermore, while defendant admits to signing the note as a "favor" for Chakalis, this was strictly a business arrangement for plaintiff Brown who supplied his services and signature in return for his fee. He testified that, in view of Chakalis' poor credit rating, he would never have signed the note without defendant's signature guaranteeing him payment, and this position is entirely compatible with his status as a professional guarantor of loans. Thus, as between signatories of the instrument, Chakalis was obviously the maker and the others were accommodation makers who signed so that Chakalis could obtain the loan. It is likewise clear from their testimony at trial that defendant assumed the rule of guarantor toward the plaintiff and is, therefore, liable to him for the full amount which he paid the bank on the defaulted note. Judgment affirmed, without costs. Staley, Jr., Greenblott, Sweeney and Main, JJ., concur; Herlihy, P. J., concurs in the result in the following memorandum. Herlihy, P. J. (concurring): I concur in the result upon the sole ground that there was no objection taken to the testimony of Brown with reference to oral conversations with the defendant Arcuri. In limiting my concurrence to the present record, I would observe that under other circumstances the result might be substantially different.