Aaron E. Klein, J.
Is summary relief appropriate in this action by a bank on a promissory note?
The complaint in this action alleges, through some seven allegations, this course of events:
Plaintiff Sullivan County National Bank (a national banking corporation with its principal place of business in Liberty, New York) on or about April 17, 1975, loaned "4321 Pelton Realty Corp.” and "L.B.D.R. Sullivan Carlos Corp.” $30,000.
In exchange for this $30,000 loan plaintiff bank took a promissory note dated April 17, 1975 signed by Sidney Lieman as president of "4321 Pelton Realty Corp.” and "L.B.D.R. Sullivan Carlos Corp.” and by Sidney Lieman personally. The promissory note says,, among other things, that on the $30,000 principal the amount of interest is $10,000.20, and that the principal plus interest ($40,000.20) is payable in "60 equal consecutive monthly installments of $666.67.”
Payments on the note were to be made on the 25th day of each month commencing May 25, 1975.
Beginning on or about December 25, 1975 plaintiff received no monthly payments on the note.
*781 On the facts plaintiff, seeks judgment to: (1) declare the note’s unpaid balance of $28,856.12 due and payable; (2) charge the defendant actual expenditures, including attorneys’ fees of 15% of the amount unpaid thereon, plus $10 costs of the suit; and (3) charge the defendant $28,856.12 plus 8Vi% interest per annum from April 28, 1976.
The answer denies information sufficient to form a belief as to: (1) plaintiff’s identity; (2) the fact that plaintiff holds the note; and (3) the fact that under the note’s provisions plaintiff may charge defendant attorneys’ fees equal to 15% of the note’s face value, plus $10 for costs of litigation. The answer denies all factual allegations required for plaintiff to recover under the note. The answer contains four affirmative defenses, to wit: (1) plaintiff has failed to comply with the requirements of the Truth In Lending statutes, voiding the legal obligation sued upon; the note sued upon was intended only to be the obligation of the two corporations; bankruptcy of the two corporations and the stay order accompanying same makes suit on the note improper; failure to include an annual percentage rate of interest on the face of the note makes it void; (2) plaintiff bank advanced only $30,000 to the respective corporations referred to in the note, and plaintiff is seeking, through this proceeding, to recover sums of money to which it is not entitled; (3) the 15% attorneys’ fees requested by plaintiff is unreasonable, unconscionable, and less than the value of the services actually rendered; (4) the rate of interest on the note is usurious making the note null and void. On these four affirmative defenses defendant requests judgment dismissing the complaint, with costs.
Plaintiffs bring on this CPLR 3211 and CPLR 3212 motion seeking: (1) an order striking defendant’s answer and granting summary judgment in favor of the plaintiff for the relief demanded in the complaint with interest and costs or; alternatively, (2) summary judgment of $28,856.12 in plaintiff’s favor with interest thereon at the rate of 8 Vi per annum beginning April 28, 1976, and severing plaintiff’s claim for legal fees from the remaining cause of action for an appropriate hearing thereon.
In accordance with the law summarized in this court’s recent decision, Culver v Markowe (Ulster County, Special Term [1977]), this court is bound in this CPLR 3211 and 3212 motion to search all papers presented to it and determine whether: (1) the complaint states a cause of action; (2) there is *782 a legal defense automatically barring the action; or (3) triable issues of fact remain for determination.
After examining the promissory note, and the photocopy of the Sullivan County National Bank cashier’s check No. L 111691 dated April 17, 1975 made payable to 4321 Pelton Realty Corp., together with all other papers submitted on this motion this court finds under section 3-402 of the Uniform Commercial Code that Sidney Lieman clearly and unambiguously did not sign the promissory note in a representative capacity but as an "accomodation party” under subdivision (1) of section 3-415 of the Uniform Commercial Code, making defendant Lieman personally liable on the note (Franklin Nat. Bank v Eurez Constr. Corp., 60 Misc 2d 499, 502; cf. Brown v Arcuri, 43 AD2d 993).
As a comaker on the note with corporations defendant Lieman, as a matter of law, sacrifices his defense of usury, otherwise available to him as "sole signatory.” (Arrow Sav. & Loan Assn. v Wilmikwil, 35 AD2d 840.)
The Truth in Lending Act (US Code, tit 15, § 1603, subds [1], [3]) by its own provisions, does "not apply to * * * (1) Credit transactions involving extensions of credit for business or commercial purposes * * * [or] (3) Credit transactions, other than real property transactions, in which the total amount to be financed exceeds $25,000”, thus removing that act from any consideration in this case.
The total interest of $10,000.20 over a ñve-year period on a $30,000 loan is 33% and a fraction. Under subdivision 3 of section 5-521 of the General Obligations Law a corporation may not interpose a usury defense on a note, unless the usury meets the definition of "criminal usury” contained in section 190.40 of the Penal Law ("a rate exceeding twenty-five percentum per annum or the equivalent rate for a larger or shorter period” [emphasis added]). Thus, usury is clearly not available as a defense to defendant Lieman, as comaker, in this action (Arrow Sav. & Loan Assn. v Wilmikwil, 35 AD2d 840, supra), even if the loan was "usurious” by Federal standards (US Code, tit 12, § 85) (which possibility is negated by plaintiff and unopposed by defendant — see plaintiff’s affidavit accompanying notice of motion, pars 5, 6).
On this analysis plaintiff is entitled to summary judgment on the note.
Pursuant to CPLR 3212 (subd [e]) this court can grant partial summary on the note, and leave other matters for *783 determination at trial. As the moving papers present conflicting allegations concerning the precise date of default on the note, and the precise interest rate to be applied to this judgment, these constitute triable issues for determination at trial. Also remaining for determination at trial is the reasonable value of the attorneys’ fees defendant will be liable for. (Bernini v Zylka, 51 AD2d 689; Franklin Nat Bank v Wall St Commercial Corp., 40 Misc 2d 1003,1004.)
Accordingly, this court grants plaintiff summary judgment under CPLR 3212 (subd [e]), to the extent it finds that defendant was obligated under the subject promissory note and defaulted in its obligation. This court leaves the questions of: (1) the precise date of the default; (2) the precise interest rate to be applied to the judgment; and (3) the precise value of the attorney’s fees defendant Lieman is obligated to pay, for trial determination.