■ CDS CAPITAL, LLC, Appellant-Respondent, v CHARLES YOUNG, Defendant, and LISA YOUNG, Respondent-Appellant. [811 NYS2d 119]—

In an action to recover damages on a promissory note, (1) the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Warshawsky, J.), dated July 12, 2004, as denied that branch of its motion which was for summary judgment on the issues of damages and the defendant Lisa Young cross-appeals from so much of the same order as denied her cross motion for summary judgment dismissing the complaint and granted that branch of the plaintiff's motion which was for summary judgment, in effect, on the issue of liability, and (2) the plaintiff appeals from so much of an order of the same court entered December 1, 2004, as, upon reargument, adhered to the original determination denying that branch of the motion which was for summary judgment on the issue of damages.

Ordered that the appeal from the order dated July 12, 2004 is dismissed, as the portion of the order appealed from was superseded by the order entered December 1, 2004, made upon reargument; and it is further,

Ordered that the order dated July 12, 2004 is reversed insofar as cross-appealed from, on the law, the cross motion of the defendant Lisa Young for summary judgment dismissing the complaint insofar as asserted against her is granted, the complaint is dismissed insofar as asserted against Lisa Young, the action against the remaining defendant is severed, and that branch of the plaintiff's motion which was for summary judgment, in effect, on the issue of liability is denied; and it is further,

Ordered that the order entered December 1, 2004 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant Lisa Young, payable by the plaintiff.

The defendants Charles Young and Lisa Young are husband and wife and the officers and shareholders of E. Young's Express, Inc. (hereafter Express), a common-carrier trucking company. On May 23, 2001 the plaintiff presented the defendants with a promissory note drafted by the plaintiff stating that "[f]or value received, I (we) E. Youngs Express Inc. . . . jointly

and severally promise to pay" the plaintiff $151,733.60 pursuant to a payment schedule. The note was executed as follows:

"PAYMENT GUARANTEED:

BY: *Signature*                           BY: *Signature*
Charles Young                         E. YOUNGS EXPRESS
MAKER                                 23076 NYS Rt 12
                                      WATERTOWN, NEW
                                      YORK 13601

*Signature*
LISA YOUNG
MAKER"

Express voluntarily filed for bankruptcy under chapter 11 of the 1978 Bankruptcy Code (11 USC). The defendant Charles Young also filed for bankruptcy under chapter 13 of the Bankruptcy Code. On April 19, 2002 the plaintiff and Express entered into a stipulation of settlement in Express's bankruptcy proceeding, setting the amount of the plaintiff's claim against Express at $219,209.12. The stipulation of settlement stated it "shall inure to the benefit of and bind the parties, their subsidiaries and related entitles and their successors and/or assigns." Express's bankruptcy plan provided that "[u]nless otherwise provided for in the Plan, on the Effective Date the promissory notes, mortgage, UCC-1 financing statements and any other instruments evidencing any Claim shall be deemed canceled without further act or action under any applicable agreement, law, regulation, order, or rule and the obligations of the Debtor under the agreements, indentures and the certificates of designations governing such Claims, as the case may be, shall be discharged." Pursuant to the plan and stipulation in Express's bankruptcy proceeding, the plaintiff was to receive $65,762.74. Charles Young was also directed to pay $1,050 per month for 60 months in his chapter 13 bankruptcy proceeding, and the plaintiff was entitled to receive a portion of those proceeds.

On or about August 21, 2002 the instant action was commenced against Lisa Young and Charles Young to recover the sum of $126,477.20 plus attorneys' fees of 20%, or $27,500. After issue was joined, the plaintiff moved, and Lisa Young cross-moved, for summary judgment.

In an order dated July 12, 2004 the court found that Lisa Young was personally liable under the promissory note, but that she did not owe the plaintiff anything, since the plaintiff would receive in the bankruptcy proceedings more than the total amount due on the promissory note. The court found that the

plaintiff had already received payments totaling $50,244.44, would receive an additional $65,762.74 from Express's bankruptcy settlement, and would receive an additional $48,000 from the bankruptcy settlement with Charles Young.

The plaintiff moved for reargument, and upon reargument the court adhered to its original determination on the ground that Lisa Young could not be considered an unconditional guarantor.

We agree with the Supreme Court that there was no unconditional guarantee by Lisa Young of the corporate debt, since the promissory note did not state that payment was guaranteed by her. However, since the word "maker" is under her signature, she is a co-maker.

Between themselves, when there are co-makers or co-obligors to a note, the presumption is that each co-obligor is equally liable to each other (*see Owens v Blackburn,* 161 App Div 827 [1914]). However, under the circumstances presented here, Lisa Young was an "accommodation maker." She was entitled to recover from Express, which received the consideration set forth in the promissory note, any amount paid by her (*see Brown v Arcuri,* 43 AD2d 993, 994 [1974]; *Artistic Greetings v Sholom Greeting Card Co.,* 36 AD2d 68, 69 [1971]; UCC 3-415 [5]).

In *In re Halstead Energy Corp.* (367 F3d 110 [2004]) the United States Court of Appeals for the Second Circuit held that a settlement with one obligor in bankruptcy without a reservation of rights against co-obligors, may discharge the co-obligors pursuant to General Obligations Law § 15-105. Pursuant to General Obligations Law § 15-105 settlement with an obligor without reservation of rights against a co-obligor releases the co-obligor's obligation to the extent that the creditor was aware that the settling obligor was bound to the co-obligor to pay the obligation.

In the instant case, Express was bound, by operation of law, to reimburse Lisa Young for any amounts she paid to satisfy the note. By settling with Express without a reservation of rights against Lisa Young the plaintiff limited the debt to the amount payable in the bankruptcy proceedings (*see In re Halstead Energy Corp., supra*).

The parties' remaining contentions are without merit or need not be addressed in light of our determination. Florio, J.P., Krausman, Goldstein and Lifson, JJ., concur.